JUSTICE NELSON,
dissenting.
¶12 Respectfully, I dissent from the Court’s Opinion. While the Court concludes that the Trust instrument is not ambiguous, Opinion, ¶ 9,1 conclude that it is. Accordingly, I would vacate the District Court’s decision and remand for further proceedings.
¶13 As the Court notes at ¶ 5 of the Opinion, Article IV, Section 3 of the Trust states that upon George’s death, any remaining funds in the Trust are to be distributed to George’s “then living descendants.” Article XIII, Section 3, in turn, defines the term “descendant” as follows:
As used herein, the term “descendant” or “descendants” shall mean lawful blood descendants in the first, second or any other degree of the designated ancestor; provided, however, that an adopted child and the lawful blood descendants of any such adopted child shall for all purposes be regarded as the lawful blood descendants of the adopting parent or parents and of anyone who is by blood an ancestor of the adopting parent or of either of the adopting parents, and such adopted child and any said descendant of such adopted child shall not be regarded as the descendants of either natural parent of such adopted child.
¶14 An ambiguity exists when the language of an instrument is reasonably susceptible to more than one interpretation. Ophus v. Fritz, 2000 MT 251, ¶ 23, 301 Mont. 447, 11 P.3d 1192; Mary J. Baker Revocable Trust v. Cenex Harvest States, Coops., Inc., 2007 MT 159, ¶ 19, 338 Mont. 41, 164 P.3d 851. Here, the term “adopted child” is reasonably susceptible to three different interpretations. “Adopted child” could reasonably mean a child that was adopted into the family; it could reasonably mean a child that was adopted out o/1 the family; or *183 it could reasonably mean both. The ambiguity arises from the fact that it is not clear what Cecilia, the Grantor, intended in her use of the phrase “adopted child.”[1]
¶15 The relevant language of Article XIII, Section 3 of the Trust states that an adopted child shall be regarded as the lawful blood descendant of the adopting parent/parents, and such adopted child shall not be regarded as the descendant of his/her natural parents. This language could reasonably be interpreted to mean that if one of George’s children is adopted out of the family, he/she is no longer a “descendant” of George. On the other hand, it is equally reasonable that in her choice of language, the Grantor did not contemplate excluding from the estate her blood descendants who happened to be adopted out of the family. Indeed, it is reasonable to believe-and in my view is more likely-that the Grantor contemplated that George might adopt a child into the family, rather than give up his natural child for adoption.
¶16 Reading the Trust instrument as a whole, it is clear that the Grantor intended to provide financially for her four children by way of a separate trust for each. That being her purpose, it also would have been her contemplation, desire, and intent, as a grandmother, to insure that George’s natural and adopted children, if any, received his share of the residue of her estate.
¶17 Importantly, for our purposes here, the phrase “adopted child” as used in defining “descendant” is susceptible to more than one reasonable interpretation and is, therefore, ambiguous. Since the language used by the Grantor is ambiguous, extrinsic evidence may be introduced at trial to allow the trier of fact to determine the Grantor’s intent. See Baker Revocable Trust, ¶ 55.
¶18 I conclude that the District Court should have required a full evidentiary hearing admitting extrinsic evidence to clear up the aforementioned ambiguity and the Grantor’s intent. Accordingly, we should vacate the District Court’s decision and remand for that purpose.
¶19 I respectfully dissent from the Court’s contrary decision.
JUSTICE MORRIS joins the Dissent of JUSTICE NELSON.

 As an aside, the language “for all purposes”-to which the Trustees attach great significance-is irrelevant. It refers to all purposes in the Trust where “descendant” is used. It has no bearing on the meaning of “adopted child.”